97 F.3d 373
 96 Cal. Daily Op. Serv. 7428, 96 Daily Journal
D.A.R. 12,251
UNITED STATES of America, Plaintiff-Appellee,
v.
Israel RUBIN, as President of I.D. Enterprises, Inc.; I.D.
Enterprises, Inc., Defendants-Appellants.
 No. 94-55627.
D.C. No. CV-91-06870-DWW.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 15, 1995.
Decided Oct. 7, 1996.
 
 Elon A. Pollack, Politis, Pollack & Doram, Los Angeles, CA, for defendants-appellants.
 Robert I. Lester, Assistant United States Attorney, Los Angeles, CA, for plaintiff-appellee.
 Appeal from the United States District Court for the Central District of California, David W. Williams, District Judge, Presiding. D.C. No. CV-91-06870-DWW.
 Before: FLETCHER, CANBY, and HAWKINS, Circuit Judges.
 OPINION
 FLETCHER, Circuit Judge:
 I.D. Enterprises, Inc. and its president, Israel Rubin (collectively "Rubin"), appeal from the district court's denial of their motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 FACTUAL HISTORY & PROCEDURAL BACKGROUND
 
 1
 Rubin is in the import-export business and is required by statute and regulation to maintain certain records relating to the conduct of that business. Rubin does not dispute the basic authority of the United States Customs Service to seek, via summons, certain documents to insure compliance with the nation's customs laws.
 
 
 2
 The proceedings below were initiated when the government sought, pursuant to 19 U.S.C. § 1510, to enforce an administrative summons issued under 19 U.S.C. § 1509. The district court entered an order directing Rubin to comply with the summons. Rubin appealed. Unsuccessful in obtaining a stay pending appeal and to avoid being held in contempt, Rubin turned over the documents.
 
 
 3
 This Court reversed, holding that the district court committed plain error by entering an order that did not take into account the government's concession that it in fact needed fewer documents than requested in the summons.[1] See United States v. Rubin, 2 F.3d 974 (9th Cir.1993).
 
 
 4
 On remand, the government moved to dismiss the underlying action for mootness as it had already obtained and reviewed the documents sought. The district court dismissed the action with prejudice. Rubin thereupon filed a motion for attorneys' fees pursuant to the EAJA. The district court denied defendants' motion and Rubin filed this appeal.
 
 DISCUSSION
 
 5
 28 U.S.C. § 2412(d)(1)(A) provides that a court shall, in a civil proceeding brought by the United States, award fees and other expenses to the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." The United States "bears the burden of proving its position was substantially justified." Timms v. United States, 742 F.2d 489, 492 (9th Cir.1984). The United States' position is substantially justified if it "has a reasonable basis both in law and in fact." Id.
 
 
 6
 The district court's decision to deny attorneys' fees under 28 U.S.C. § 2412 is reviewed for abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 559, 560, 108 S.Ct. 2541, 2547, 101 L.Ed.2d 490 (1988). The district court abused its discretion if it "based its decision on an erroneous legal conclusion or a clearly erroneous finding of fact." Andrew v. Bowen, 837 F.2d 875, 877 (9th Cir.1988). "Interpretation of the EAJA is a question of law reviewable de novo." Id.
 
 
 7
 The district court determined that Rubin was the prevailing party pursuant to local rule. The government does not dispute that finding.
 
 
 8
 The district court determined next that the government's attempt to compel the production of documents of which it had duplicates was not substantially justified in light of United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 254-55, 13 L.Ed.2d 112 (1964), which held that, to obtain enforcement of a summons, the IRS must establish that the information sought is not already in its possession. The government contended that it desired access to duplicate copies of documents it already had in its possession in order to determine whether Rubin was attempting to avoid payment of dutiable costs by maintaining "double" or "phony" invoices. The district court found that explanation "not persuasive enough to satisfy the government's burden" under Powell.[2]
 
 
 9
 Nonetheless, the district court refused to award fees and costs because it determined that the government was substantially justified in seeking the production of the remaining documents. This determination was based in large part upon its conclusion that the issue of what documents the Customs Service may require an importer to produce pursuant to § 1509 was one of first impression.
 
 
 10
 Without deciding the extent of the Customs Service's summons power under § 1509, we find that the district court did not abuse its discretion in determining that the government was substantially justified in its position. As the Supreme Court has noted, "the EAJA ... favors treating a case as an inclusive whole, rather than as atomized line-items". Commissioner, Immigration and Naturalization Service v. Jean, 496 U.S. 154, 161-62, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990). There may well be situations in which the government is justified initially but its subsequent unjustified actions merit an award of attorney's fees for the unjustified portion of the conduct. For example, the government might have suspicion to justify investigating an importer; the investigation might reveal that the government's suspicions were wrong, yet the government might nonetheless persist in bringing suit for allegedly owing duty. This appeal, however, does not present such a situation, and the district court did not abuse its discretion either in treating the case as a whole or in determining that the position of the government was, as a whole, substantially justified.
 
 CONCLUSION
 
 11
 Because the district court did not abuse its discretion in determining that the position of the government was substantially justified, we affirm its order denying an award of attorney's fees under the EAJA.
 
 
 12
 AFFIRMED.
 
 HAWKINS, Circuit Judge, dissenting:
 
 13
 The majority reaches a result here that I believe undermines an act of Congress with an entirely salutary purpose: leveling the playing field between the average citizen and a government with vast litigation resources. The Equal Access to Justice Act ("EAJA") aims to insure that the government does not take unjustified positions when it hauls a citizen into court and, if it does, that the citizen can recover attorney's fees.
 
 
 14
 The record before us contains a district court finding that the United States Customs Service took an unjustified position when it sought to compel the production of documents it already possessed. The question here is whether that finding is trumped by the district court's other finding that the government was substantially justified in seeking the production of the remaining documents. In other words, if the government takes an unjustified position as to part of its litigation posture, can it avoid fee shifting (which would clearly be called for if no other issue were involved) by taking a justified position with respect to other issues?
 
 
 15
 The majority feels that Commissioner, I.N.S. v. Jean, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990), compels an answer in the affirmative. I respectfully disagree. In Jean, the Supreme Court explained that the "narrow" issue was "whether the prevailing party is ineligible for fees for the services rendered during [a fee] proceeding unless the government's position in the fee litigation itself is not 'substantially justified.' " Id. at 156, 110 S.Ct. at 2317. The Supreme Court concluded that a prevailing party is not ineligible for fees simply because the government's position in the fee proceeding was substantially justified.
 
 
 16
 I read Jean to suggest that a case should not be considered in cabined phases (pre-litigation, litigation, fee proceeding) in deciding whether fees are warranted. Its rationale, in part, is that to do so would not further the purpose of the EAJA: "to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." Id. at 163, 110 S.Ct. at 2321. As the Supreme Court explained, "[i]f the Government could impose the cost of fee litigation on prevailing parties by asserting a 'substantially justified' defense to fee applications, the financial deterrent that the EAJA aims to eliminate would be resurrected." Id. at 164, 110 S.Ct. at 2322.
 
 
 17
 The issue in this case is quite distinct from that facing the Supreme Court in Jean, and the rationale for not partitioning proceedings into phases supports the practice of awarding partial fees where the government has advanced multiple positions during litigation, some of which are not substantially justified. Permitting the award of fees under such circumstances would further the purpose of encouraging citizens to challenge unreasonable governmental action by eliminating the financial disincentive to challenge unreasonable governmental action when it is intertwined with reasonable conduct on the government's part.
 
 
 18
 Further, although the Supreme Court found that Congress' use of the word "position" in the singular suggests that federal courts are to make "one threshold determination for the entire civil action," id. at 159, 110 S.Ct. at 2319, it is clear from the EAJA's legislative history, upon which the Supreme Court relied, that Congress was only concerned that litigation not be considered in phases in determining whether a fee award is warranted. Specifically, the EAJA's legislative history indicates that Congress intended "to provide for attorney fees when an unjustifiable agency action forces litigation, and the agency then tries to avoid such liability by reasonable behavior during litigation." Id. at 159 n. 7, 110 S.Ct. at 2319 n. 7 (quoting H.R.Rep. No. 98-992, pp. 9, 13 (1984)).
 
 
 19
 Had Congress intended that fees be awarded only when the government's overall litigation position is not substantially justified, or when its substantially justified litigation positions on particular issues are outweighed by its unjustified positions on other issues, it could have easily said so. As the Third Circuit noted in Goldhaber v. Foley, 698 F.2d 193, 196-97 (3rd Cir.1983):
 
 
 20
 Those references to "position" ... not being directed to the problem we face here, are of little assistance in determining what is embraced within a finding of "substantial justification" when two or more independently dispositive claims are asserted by a plaintiff. It is apparent ... that neither the Act by its terms nor its legislative history appears to contemplate multiple positions of the government.
 
 
 21
 Looking, therefore, to the underlying purpose of the [EAJA], ... this purpose requires that the words "the position of the United States" must be understood to refer to the government's defense against each of the plaintiff's claims presented before the trial court. In so holding, we are guided by the Act's governing principle that the United States should pay those expenses which are incurred when the government presses unreasonable positions during litigation....
 
 
 22
 [It would be] incongruous to deny fees to a prevailing party who identifies and defeats one unreasonable government position simply because the government has substantial justification for defending a second claim in the same action.
 
 
 23
 Although the Third Circuit retreated from its position in Hanover Potato Products, Inc. v. Shalala, 989 F.2d 123, 131 (3rd Cir.1993), decided after Jean, I believe the Third Circuit had it right in Goldhaber and should not have retreated from its position in Hanover.
 
 
 24
 In sum, we are dealing with a statute whose very purpose is to compensate deserving litigants who face government agencies found to have taken an unreasonable position. The legislative history of the EAJA teaches us that Congress did not want the government to be able to take an unreasonable position, discover the unreasonableness of its position, and then avoid having to pay attorney's fees by behaving reasonably during the rest of the litigation. I do not believe Jean changes that.
 
 
 
 [1]
 At the first hearing, the district court refused to sign a "blanket order" and requested that the government "get its list together" detailing the documents it actually needed. The government then filed a document styled Plaintiff's Statement Re Compliance with Administrative Subpoena in which it admitted that it was not requesting additional records in two of the categories of documents sought--Customs Service entry files and bills of lading. Nonetheless, the district court entered an order that the government had lodged with the court prior to its admission that it did not need some of the documents previously sought. This order required Rubin to comply with the administrative summons in its entirety
 
 
 [2]
 We do not necessarily subscribe to the district court's position on this point, but we need not reach the issue