*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0017P (6th Cir.)
File Name: 00a0017p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee/*
*Cross-Appellant,*

*v.*

LARRY DEAN DUSENBERY,
*Defendant-Appellant/*
*Cross-Appellee.*



Nos. 98-4014/
4036

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 91-00291—Kathleen McDonald O'Malley,
District Judge.

Argued: September 14, 1999

Decided and Filed: January 13, 2000

Before: SUHRHEINRICH, COLE, and GIBSON[*], Circuit
Judges.

_____

[*] The Honorable Judge John R. Gibson, Circuit Judge of the United
States Court of Appeals for the Eight Circuit, sitting by designation.

————————————

**COUNSEL**

**ARGUED:** Paul Mancino, Jr., MANCINO, MANCINO & MANCINO, Cleveland, Ohio, for Appellant. James L. Morford, OFFICE OF THE U.S. ATTORNEY, Cleveland, Ohio, for Appellee. **ON BRIEF:** Paul Mancino, Jr., MANCINO, MANCINO & MANCINO, Cleveland, Ohio, for Appellant. James L. Morford, OFFICE OF THE U.S. ATTORNEY, Cleveland, Ohio, for Appellee. Larry Dean Dusenbery, Terre Haute, Indiana, pro se.

SUHRHEINRICH, J., delivered the opinion of the court, in which GIBSON, J., joined. COLE, J. (p. 13), delivered a separate dissenting opinion.

————————————

**OPINION**

————————————

SUHRHEINRICH, Circuit Judge. Defendant-Appellant Larry Dean Dusenbery appeals the district court's judgment denying his motion under Fed. R. Crim. P. 41(e) for the return of forfeited property. Plaintiff-Appellee United States cross-appeals the district court's ruling that its administrative forfeiture notices were constitutionally insufficient. For the following reasons, we **AFFIRM**.

## I. Background

In 1986, Dusenbery was convicted and incarcerated for possession and distribution of cocaine. *See United States v. Dusenbery,* No. 86-CR-102 (N.D. Ohio 1986).[1] While

_____

[1] In connection with this conviction, the Government obtained civil forfeiture of several items of Dusenbery's property, including $21,940.00 in U.S. currency and a 1984 Chevrolet Monte Carlo. Dusenbery later moved unsuccessfully for the return of this property, claiming that the forfeited property was his and that the government's forfeiture

incarcerated, Dusenbery continued to oversee and operate his cocaine distribution network. This resulted in his 1994 conviction for engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U. S. C. § 848. This Court affirmed his conviction and sentence. *See United States v. Dusenbery,* No. 94-3804, 1996 WL 306517, at *1 (6th Cir. June 6, 1996). Incident to this conviction, the Government obtained administrative civil forfeiture of several items of Dusenbery's property. These items included: (1) $18,672.74 seized on July 9, 1990, and forfeited on October 19, 1990; (2) $80,141.93, seized on July 9, 1990, and forfeited on October 19, 1990; (3) a 1990 Oldsmobile Delta 88 convertible, seized on October 10, 1991, and forfeited on April 20, 1992; (4) a 1956 Corvette convertible, seized on October 21, 1991, and forfeited on April 28, 1992; and (5) a $20,754.23 National City Bank cashier's check, listed in the name of Dusenbery and Edward Clouse (his mother's boyfriend), seized on August 8, 1990, and forfeited on July 29, 1992.

On July 10, 1996, Dusenbery moved, under Fed. R. Crim. P. 41(e)[2], for the return of his property. Dusenbery claimed that the seizure of his property violated due process because the Government failed to notify him of its intent to forfeit his property. Significantly, Dusenbery did not claim at that time that the statute of limitations had already run when the

---

proceedings were improper. This court reversed, and remanded for further proceedings. *See Dusenbery v. United States*, 1996 WL 549818 (6th Cir. Sept. 25, 1996). On July 23, 1997, an evidentiary hearing was held regarding Dusenbery's motion for return of property. *See Dusenbery v. United States*, No. 5:95-CV-1872 (N.D. Ohio July 23, 1997) (hereinafter "*Dusenbery I*"). These items are not at issue in this appeal.

[2]Rule 41(e) provides in pertinent part:
A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property.
Fed. R. Crim. P. 41(e).

Government sent the allegedly defective notices.[3] The Government responded that Dusenbery received notice because it sent personal notice to Dusenbery's mother and to the Milan Federal Correctional Institute ("Milan FCI"), where the Government maintained Dusenbery was incarcerated. The Government also stated that notice of the proposed forfeiture was published in the Cleveland Plain Dealer. Finally, the Government argued that Dusenbery was put on notice through the evidence presented at his CCE trial. Dusenbery replied that he was not at Milan FCI when the notice was sent because he had been transferred to a local jail to await trial.

The district court denied the Rule 41(e) motion, concluding Dusenbery had received adequate notice of each proposed forfeiture, and that the Government had properly executed the forfeiture process. On appeal, we reversed and remanded for an evidentiary hearing. *See United States v. Dusenbery,* No. 96-3941, 1997 WL 321148, at *2 (6th Cir. June 11, 1997). We held that, "under all the circumstances of this case, the record before this court does not establish that Dusenbery was provided constitutionally adequate notice of the seizures and impending forfeitures at issue." *Id.* at *2. We instructed the district court that if it found insufficient notice, "Dusenbery should be given an opportunity to contest the forfeitures at this time." *Id.* at *3.

On remand, the district court determined that an evidentiary hearing was not necessary because "documentary evidence filed by the government, alone, reveal that Dusenbery never received actual notice of the pending forfeitures of his property." It proceeded to find that the notices were thus insufficient as a matter of law. It also found that "the government's motion for summary judgment *assumed* insufficient notice," thereby making an evidentiary hearing unnecessary. The district court rejected Dusenbery's argument, made for the first time on remand, that further

---

[3]It appears that the applicable statute of limitations, which is five years from the discovery of the alleged offense, had already run on some of the items at issue. *See* 19 U.S.C. § 1621.

---

**DISSENT**

---

R. GUY COLE, JR., dissenting. I disagree with the majority opinion in this case because I find the reasoning of the Ninth and Tenth Circuits in *United States v. Marolf,* 173 F.3d 1213 (9th Cir. 1999) and *Clymore v. United States,* 164 F.3d 569 (10th Cir. 1999) more persuasive than the Second Circuit's decision in *Boero v. Drug Enforcement Agency,* 111 F.3d 301 (2nd Cir. 1997).

As the majority stated, in *Boero,* the Second Circuit held that defective notices of appeal should be treated as voidable rather than void, thereby tolling the statute of limitations for the filing of judicial forfeiture proceedings. I disagree, seeing no reason to determine the merits of a challenged forfeiture when the original notice was constitutionally defective and the statute of limitations has run. Inadequate notice is void and constitutionally defective. In this instance, there is simply no reason to disregard the five-year statute of limitations set forth in 19 U.S.C. § 1621, short of the rare occasions when the government has a valid basis for the application of laches or equitable tolling. Such would be the case when a claimant receives borderline notice and sits on a Rule 41(e) motion until the five-year statute of limitations has run, a scenario that the majority fears.

As noted in *Marolf,* courts should be "particularly wary of civil forfeiture statutes, for they impose 'quasi-criminal' penalties without affording property owners all of the procedural protections afforded criminal defendants." 173 F.3d at 1217 (citation and quotation omitted). Further, "[d]ue process protections ought to be diligently enforced, and by no means relaxed, where a party seeks the traditionally disfavored remedy of forfeiture." *Clymore,* 164 F.3d at 574 (citation and quotation omitted). For these reasons, I respectfully dissent from the majority opinion.

obviates any need to address the Government's cross-appeal. Accordingly, we **AFFIRM** the judgment of the district court.

forfeiture proceedings were barred by the five-year statute of limitations. *See* 19 U.S.C.A. § 1621 (West 1999). After considering the merits of the forfeiture, the district court found that the Government established probable cause that the property constituted proceeds,[4] or was purchased with proceeds from illegal drug sales.[4] Because Dusenbery failed to rebut this showing of probable cause, the district court held that forfeiture was proper and granted summary judgment to the Government.

## II. Analysis

The court of appeals reviews an order granting summary judgment de novo and  uses the same test as used in the district court. *See Terry Barr Sales Agency, Inc. v. All-Lock Co.*, 96 F.3d 174, 178 (6th Cir. 1996). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Section 881 of Title 21 of the United States Code, which is part of the Comprehensive Drug Abuse Prevention and Control Act, Pub. L. 91-313, Title II, § 511, 84 Stat. 1276 (1970), authorizes the United States to subject proceeds of drug transactions to civil forfeiture proceedings. *See* 21 U.S.C.A. § 881(a)(6) (West Supp. 1999).[5] Under the

---

[4] At the evidentiary hearing on the motion for return of property in *Dusenbery I*, Dusenbery testified  that he had used the money he earned through selling drugs to purchase seventeen items of personal property and the Monte Carlo seized in connection with the 1986 conviction. *See* supra, note 1.

[5] 21 U.S.C. § 881(a)(6) provides that the following are subject to forfeiture:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance . . . , all proceeds traceable to such an exchange, and all moneys, negotiable instruments,

applicable statute of limitations, the government agency has five years from the discovery of the alleged offense to institute a judicial forfeiture proceeding. 19 U.S.C.A. § 1621 (West 1999).[6]

If the property is valued at $500,000 or less, the DEA may use an administrative forfeiture process in the customs laws. *See* 19 U.S.C.A. § 1607(a)(West 1999); 21 U.S.C.A. § 881(d)(West 1999).   Publication of notice begins the administrative forfeiture.   *See* 19 U.S.C.A. § 1607(a); 21 C.F.R. § 1316.75 (1999).  The DEA is also required to send notice to every party with an interest in the property.  *See* 19 U.S.C.A. § 1607(a).   A claimant who has received constitutionally adequate notice of intent to forfeit then has twenty days from the date of the first publication of the notice of seizure to judicially contest the forfeiture by filing a claim with the DEA and a cost bond, or a declaration of inability to file a cost bond.  *See* 19 U.S.C.A. § 1608 (West 1999); 21 C.F.R. §§ 1316.75-.76 (1999).   If no claim is filed, an administrative forfeiture occurs by default. *See* 19 U.S.C.A. § 1609 (West 1999); 21 C.F.R. § 1316.77 (1999).

A properly filed claim stops the administrative forfeiture process and requires the seizing agency to refer the matter to the United States Attorney to institute judicial forfeiture proceedings. *See* 19 U.S.C.A. §§ 1608; 1610 (West 1999); 21 C.F.R. §§ 1316.76(b); 1316.78 (1999).  The DEA is then required to show probable cause for the forfeiture. *See* 19 U.S.C.§ 1615; *United States v. $67,220.00 in U.S. Currency*, 957 F.2d 280, 283 (6th Cir. 1992).  Upon a showing of probable cause, the burden of proof shifts to the claimant to

---

and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C.A. § 881(a)(6) (West Supp. 1999).

[6]"No . . . forfeiture of property accruing under the customs laws shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered." 19 U.S.C.A. § 1621 (West 1999).

Like the Second Circuit, we think that inadequate notices should be treated as voidable, not void, and that the proper remedy is simply to restore the right which a timely Rule 41(e) notice would have conferred on the claimant: the right to judicially contest the forfeiture and to put the Government to its proofs under a probable cause standard.  Thus, the Government is not required to institute "new" forfeiture proceedings, and the applicable statute of limitations, § 1621, therefore has no bearing.

Rule 41(e) proceedings are equitable in nature if criminal proceedings are no longer pending.  *See United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990); *Marolf,* 173 F.3d at 1216.  We fail to see the equity in allowing the claimant more than he would have been accorded in the first place; namely the fortuitous benefit of avoiding the forfeiture process altogether.  After all, this is not a situation where the Government never bothered to send notices of forfeiture.  Nor can Dusenbery claim that he was completely blindsided, because the property in question had obviously been out of his possession since the date of seizure.  Finally, a contrary ruling, one similar to that of the Ninth and Tenth Circuits, might encourage some claimants with borderline notices and nothing to lose (presumably because they will not be able to rebut the Government's proofs) to sit on their Rule 41(e) motions until the five-year statute of limitations has run. We therefore reject the Ninth and Tenth Circuits' approach, as articulated in *Marolf* and *Clymore*.  We affirm the district court's adoption of *Boero* and its decision to rule on the merits of Dusenbery's forfeitures.

### III.

As indicated above, we have assumed that the Government's notices were constitutionally inadequate. We conclude that the merits of the forfeiture were properly considered, notwithstanding the intervening expiration of the statute of limitations.  Additionally, we adopt the district court's determination of the merits of the forfeiture.  This

administrative remedy, over five years after the date of the initial seizure. The practical effect of the *Boero* court's reversal and remand for a determination on the merits of the forfeiture was to treat the ineffective notice as voidable rather than void, so that the statute of limitations was tolled.

Conversely, two other cases, one from the Ninth Circuit and one from the Tenth Circuit, reject the Second Circuit's approach in *Boero* and hold that a forfeiture without adequate notice is void, and if the statute of limitations has run against the government, a decision on the merits of the forfeiture is barred. *See United States v. Marolf,* 173 F.3d 1213, 1217-18 (9th Cir. 1999); *Clymore v. United States,* 164 F.3d 569, 574 (10th Cir. 1999). In *Clymore,* the Tenth Circuit held that "[w]here obvious statute of limitations problems exist, we think the offending forfeiture [i.e. inadequate notice] should be vacated and the statute of limitations allowed to operate, subject, of course, to any available government arguments against it." *Clymore,* 164 F.3d at 574. Following the reasoning of *Clymore,* the Ninth Circuit held that, absent the rare application of laches or equitable tolling principles, courts may not ignore the statute of limitations in forfeiture cases when an administrative forfeiture is invalidated on a Rule 41(e) motion due to defective notice.[9] *See Marolf,* 173 F.3d at 1217-18. *See also United States v. $57,960.00 in United States Currency*, 58 F.Supp.2d 660, 1999 WL 566616 (D.S.C. July 28, 1999) (agreeing with Ninth and Tenth Circuits).

---

[9]In supporting its conclusion that inadequate notices should be treated as void, the *Marolf* court remarked that the forfeiture statutes "impose no duty on a defendant to prevent the government from losing its rights through carelessness," *United States v. Marolf*, 173 F.3d 1213, 1217 (9th Cir. 1999) (internal quotation marks omitted); and that statutes of limitations historically have "represent[ed] a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Id.* at 1217-18 (internal quotation marks omitted).

demonstrate that the property is his and not the proceeds of drug transactions. The claimant may meet his burden by showing that the property was not the proceeds of illegal drug activities or that the claimant is an "innocent owner" and was unaware of the proceeds' criminal connection. *See* 19 U.S.C. § 1615; *United States v. Certain Real Property 566 Hendrickson Blvd.,* 986 F.2d 990, 995 (6th Cir. 1993). If the claimant fails in his burden, the government is entitled to a judgment of forfeiture. *See id.*

On appeal Dusenbery argues that forfeiture is no longer available because of the applicable statute of limitations. That is, Dusenbery argues that the Government could not reinstate forfeiture proceedings during the 1997 remand because the factual basis for Dusenbery's CCE charges was more than five years old. He therefore contends that all his property and funds should be returned, with interest.

In deciding Dusenbery's claim under Rule 41(e)[7], we will assume that the notices of forfeiture were insufficient and proceed to the forfeiture question: What is the proper remedy for a due process violation in an administrative forfeiture proceeding when the statute of limitations for filing a judicial forfeiture action has expired? Few circuits have addressed this issue, and those that have are divided.

In *Boero v. DEA,* 111 F.3d 301, 305-07 (2d Cir. 1997), the Second Circuit resolved the problem of a defective notice and an untimely claim outside the statute of limitations by directing the trial court to resolve the dispute on the merits. *See id.* at 305-07. There, the DEA administratively forfeited $1799.46 on January 31, 1991. The money had been seized from Boero when he was arrested on October 25, 1990 for violations of federal narcotics laws. The DEA sent notices of seizure to Boero's home and to his presumed place of

---

[7]We have jurisdiction to entertain collateral due process attacks on administrative forfeitures, including challenges to the adequacy of notice. *See United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir. 1995) (per curiam); *United States v. Woodall*, 12 F.3d 791, 793 (8th Cir. 1993).

incarceration, in accordance with 19 U.S.C. § 1607. The DEA also published notice in USA Today pursuant to 21 C.F.R. § 1316.75. However, Boero never received the notices because he had been transferred to a state prison.

On January 31, 1991, the DEA declared the property administratively forfeited to the United States under 19 U.S.C. § 1609. Boero filed a civil complaint against the DEA on April 13, 1994, and subsequently moved for summary judgment, arguing that his property should be returned as equitable relief for the failure of notice. The DEA conceded inadequate notice, but argued that Boero's motion should be treated as a timely but unperfected administrative claim under 19 U.S.C. §§ 1603(b) and 1608. In other words, the DEA argued that Boero was limited to his administrative claim and could not recover the money in the district court. The district court agreed with the DEA and held that the claimant's remedy was via administrative claims procedures. *See id.* at 303-04.

The Second Circuit reversed, holding that:

In *Onwubiko v. United States*, 969 F.2d 1392, 1398 (2d Cir. 1992), we explained that an administrative forfeiture ordinarily removes the subject matter of the action--the property or res--from the district court, and thereby deprives the court of jurisdiction to review administrative decisions once the administrative process has begun. An exception to this rule is when property is taken accidentally, fraudulently, or improperly. In actions asserting such a claim, the district court has jurisdiction to correct the deficiency. *Id.* Boero's complaint that his property was taken improperly-- without proper notice-- correctly invoked district court jurisdiction. The court's findings concerning impropriety of the forfeiture gave the court power to correct the deficiency. *See id.* The court, however, did not correct the deficiency, and instead allowed Boero to pursue an administrative remedy, over five years from the date of the initial seizure, as if an improper forfeiture had never occurred. (Ordinarily,

forfeiture proceedings under the customs laws must be commenced within five years after the time when the alleged offense was discovered. *See* 19 U.S.C. § 1621; 21 U.S.C. § 881(d)).

*Id.* at 304-05 (internal footnotes omitted). The Second Circuit therefore concluded that Boero's proper remedy was to restore his right to seek a hearing in district court. *See id.* at 307.[8] *See also Kadonsky v. United States*, 1998 WL 119531, at *2-3 (N.D. Tex. March 6, 1998) (holding that the remedy for a due process violation in a forfeiture proceeding where the statute of limitations has run is a hearing on the merits of the forfeiture question).

Although the Second Circuit in *Boero* did not directly address the statute of limitations problem, it did expressly note that the district court had allowed Boero to pursue an

---

[8]The *Boero* court catalogued various approaches taken by other circuits:

> The First and Eighth Circuits have ruled that when notice of administrative forfeiture is inadequate, the district court must set aside the forfeiture and either order return of the seized property or direct the government to commence judicial forfeiture in district court. *See, e.g, United States v. Volanty*, 79 F.3d 86,88 (8th Cir. 1996); *United States v. Giraldo*, 45 F.3d 509, 512 (1st Cir. 1995); *United States v. Woodall*, 12 F.3d 791, 795 (8th Cir. 1993). The Federal Circuit has held that a district court can excuse a property owner's failure to comply with the statutory requirements when notice in an administrative forfeiture proceeding is inadequate. *Litzenberger v. United States*, 89 F.3d 818, 822 (Fed. Cir. 1996). The Ninth Circuit, upon ruling that a district court has jurisdiction over due process challenges to administrative proceedings under 28 U.S.C. § 1331, remanded the case for an adjudication on the merits. *Marshall Leasing*, 893 F.2d at 1103. The Fifth Circuit, in *Armendariz-Mata v. DEA*, 82 F.3d 679, 683 (5th Cir.), *cert. denied*, -- U.S. --, 117 S. Ct. 317, 136 L.Ed.2d 232 (1996), having found notice in an administrative forfeiture proceeding to be insufficient, directed the district court to vacate the DEA's administrative forfeiture without providing further instructions or comment.

*Boero v. DEA*, 111 F.3d 301, 307 n.6 (2d Cir. 1997). None of these cases address the effect of the running of the statute of limitations, however.