## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 99-50860

_____

CRAIG CLYMORE, AKA CLIFF G. WILSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

ON PANEL REHEARING
_____
August 24, 2000

Before WIENER and STEWART, Circuit Judges, and ROSENTHAL, District

Judge[*]

WIENER, Circuit Judge:

We have granted panel rehearing in this case <u>sua sponte</u> and

now withdraw Parts IV and V of the original panel opinion, 217 F.3d

370 (5th Cir. 2000), and substitute in their place the following:

**IV.**

**REMEDY**

The government is required by statute to initiate forfeiture

_____

[*]District Judge of the Southern District of Texas, sitting by
designation.

proceedings within five years after it learns of the offense giving rise to the forfeiture.[32]  In this case, it is undisputed that more than five years have passed since the government learned that Clymore's truck was being used to smuggle marijuana.  Therefore, unless the statute of limitations running against the government has been tolled for some reason, the government cannot now cause Clymore's property to be forfeited.

The Circuits are split on the proper remedy when there are allegations that an administrative forfeiture was effected without notice to the property owner, and the challenge to the forfeiture proceeding is brought more than five years after the government learns of the offense.  Both the Ninth and Tenth Circuits have held that the inadequately-noticed forfeiture is void — that is, the forfeiture should be vacated and the statute of limitations should be allowed to run against the government, subject to any affirmative defenses available to the government against the running of the statute of limitations (e.g., laches, equitable tolling).[33]  The Ninth Circuit reasoned that it is "particularly weary of civil forfeiture statutes, for they impose 'quasi-criminal' penalties without affording property owners all of the

_____

[32]19 U.S.C. § 1621.

[33]See United States v. Marolf, 173 F.3d 1213, 1216–18 (9th Cir. 1999); Clymore v. United States, 164 F.3d 569, 572–74 (10th Cir. 1999).

procedural protections afforded criminal defendants."[34]   In a similar vein, the Tenth circuit reasoned that "[d]ue process protections ought to be diligently enforced, and by no means relaxed, where a party seeks the disfavored remedy of forfeiture."[35]

The Second and Sixth Circuits have held, less stringently, that a deficient forfeiture is merely voidable —— in other words, that the proper remedy is to restore the plaintiff's right to challenge the forfeiture in the district court.  In United States v. Dusenbery,[36] the Sixth Circuit explained that treating the prior forfeiture proceeding as voidable, not void, simply "restore[s] the right which a timely Rule 41(e) notice would have conferred on the [property owner]," i.e., "the right to judicially contest the forfeiture and to put the Government to its proofs under a probable cause standard."[37]

We recently faced this precise issue in Kadonsky v. United States.[38]  There we followed the position announced by the Ninth and Tenth Circuits and held that "a forfeiture accomplished without

---

[34]Marolf, 173 F.3d at 1217 (quoting United States v. $191,910.00 in U.S. Currency, 16 F.3d 1051, 1068 (9th Cir. 1994)).

[35]Clymore, 164 F.3d at 574.

[36]201 F.3d 763 (6th Cir. 1999).

[37]Id. at 768.  See also Boreo v. Drug Enforcement Admin., 111 F.3d 301, 306 (2d Cir. 1997).

[38]216 F.3d 499 (5th Cir. 2000).

3

adequate notice is void and must be vacated."[39] We explained further that "the remedy for constitutionally insufficient notice in forfeiture proceedings is to void and vacate the original proceeding,"[40] and to allow "[the statute of] limitations [to] bar consideration of the government's forfeiture claim on the merits unless the government provides a rationale to equitably toll or otherwise not apply the statute."[41] We now follow the precedent announced in Kadonsky and hold that the forfeiture in this case is void.

The government argues that if we decide, as we have, that its prior forfeiture proceeding is void, we should nevertheless allow it to commence a new forfeiture proceeding pursuant to the doctrine of laches. For the reasons set forth in Part III of this opinion, however, the doctrine of laches is not available to the government in this case. The government advances no alternative argument in support of a tolling of the statute of limitations and, consequently, we conclude that the government is time-barred from commencing a new forfeiture proceeding at this juncture.

Clymore urges that in addition to the return of the his pickup truck's fair market value, he is entitled to interest. The government did not address this issue on appeal. We remand the

---

[39]Kadonsky, 216 F.3d at 505.

[40]Id. at 506.

[41]Id.

4

case with instructions that the district court consider whether Clymore is entitled to recover interest in addition to the return of the value of his pickup truck, and to enter the judgment, accordingly.

## V.

## CONCLUSION

For the foregoing reasons the judgment of the district court is reversed, and the case remanded for consideration of Clymore's claim for interest.

REVERSED and REMANDED with instructions.