**UNITED STATES OF AMERICA,
Plaintiff–Appellee,**

v.

**Kenneth B. WATERS, Defendant–Appellant.**

**No. 00–3405.**

United States Court of Appeals,
Sixth Circuit.

March 12, 2001.

Before SILER, MOORE, and CLAY, Circuit Judges.

*ORDER*

Kenneth B. Waters, proceeding pro se, appeals a district court judgment denying

his motion for a new trial and for relief from judgment filed under Fed.R.Civ.P. 59(a) and 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Between September 1988 and October 1989, law enforcement officials seized several items from Waters, including: 1) a 1981 Cadillac and $18,000 in cash; 2) $1,194 in cash from Waters's person and another $6,958 in cash from the vehicle he was driving; and 3) a 1990 Chevrolet Lumina. Waters was charged with twelve other co-defendants in a multiple count indictment charging him with conspiring to distribute cocaine in violation of 21 U.S.C. § 846. At the conclusion of Waters's first trial, the jury was unable to reach a unanimous verdict. In March 1991, following a second trial, a jury found Waters not guilty of the charged offense.

Thereafter, in February 1998, Waters filed a motion for the return of property under his criminal case number. In response to the motion, the government presented documents reflecting that Waters had received notice of the seizure and forfeiture of the items numbered 1 and 2 above, and that the 1990 Chevrolet Lumina had been released to the lien-holder. On May 10, 1999, the district court denied Waters's motion for the return of property because he had not challenged the accuracy of the government's assertions. On January 3, 2000, Waters filed a motion for a new trial and for relief from judgment under Fed.R.Civ.P. 59(a) and 60(b), arguing that he did not receive a copy of the district court's order because he had moved, and that he did not have an opportunity to reply to the government's response to his motion for the return of property. In an order entered on February 16, 2000, the district court denied this motion. Waters has filed a timely appeal, arguing that the district court abused its discretion when it denied the motion.

I.

■ Initially, we conclude that this case is properly construed as a civil proceeding in equity. This is so because the criminal proceedings against Waters were already concluded when he filed his motion for the return of property. *See United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir.), *cert. denied*, —— U.S. ——, 121 S.Ct. 301, 148 L.Ed.2d 242 (2000). Therefore, the Federal Rules of Civil Procedure are applicable to this case.

■ We also conclude that Waters's motion for a new trial and for relief from judgment should only be construed as a motion for relief under Fed.R.Civ.P. 60(b). Normally, a Rule 59(a) motion for a new trial needs to be filed within ten days after the order is entered pursuant to Fed. R.Civ.P. 59(b). In this case, Waters filed his motion for a new trial approximately seven months after entry of the district court order denying his motion for the return of property. Under these circumstances, the motion is best construed as filed under Rule 60(b) which affords more flexible time frames for filing such motions.

II.

■ Upon review, we conclude that the district court properly denied Waters's motion. *See Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir.1998). An appeal from an order denying a Fed.R.Civ.P. 60(b) motion does not bring up for review the underlying judgment dismissing the complaint. *See Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hood v.*

*Hood,* 59 F.3d 40, 42 (6th Cir.1995). Rather, a court's inquiry is limited to whether one of the specified circumstances in Rule 60(b) exists so as to warrant reopening the underlying judgment. *See Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir.1998).

Waters is not entitled to the relief he seeks. Waters has not presented any facts entitling him to relief with regard to Fed.R.Civ.P. 60(b)(1)-(3). First, he has not established the existence of mistake, inadvertence, surprise, or excusable neglect. Second, he has not presented any newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b). Third, he has not established the existence of any fraud, misrepresentation, or other misconduct of an adverse party. Furthermore, Waters has not shown that he is entitled to relief under Fed.R.Civ.P. 60(b)(4) or (5) because he does not allege that the judgment dismissing his complaint is void, has been satisfied, released, or discharged, or is inappropriate for prospective application. In addition, Waters has not demonstrated exceptional circumstances which would justify relief pursuant to Fed.R.Civ.P. 60(b)(6). *See Byers,* 151 F.3d at 578. Therefore, the district court properly denied Waters's motion.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.