*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0269P (6th Cir.)
File Name: 00a0269p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*

LARRY DEAN DUSENBERY,
  *Defendant-Appellant.*

No. 99-3148

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 95-01872—James S. Gwin, District Judge.

Submitted: June 15, 2000

Decided and Filed: July 10, 2000[*]

Before: MARTIN, Chief Judge; WELLFORD and
        BATCHELDER, Circuit Judges.

_____

[*]This decision was originally issued as an "unpublished decision" filed on July 10, 2000. On August 1, 2000, the court designated the opinion as one recommended for full-text publication.

———————————

**COUNSEL**

**ON BRIEF:** Larry Dean Dusenbery, Terre Haute, Indiana, pro se. Herbert J. Villa, ASSISTANT U.S. ATTORNEY, Cleveland, Ohio, for Appellee.

———————————

**OPINION**

———————————

PER CURIAM. Larry Dean Dusenbery appeals a district court judgment granting summary judgment for the government in this administrative forfeiture proceeding initiated pursuant to 21 U.S.C. § 881(a)(6). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

On April 29, 1986, Dusenbery was arrested on drug and possession of firearm charges. During a search of Dusenbery's property at the time of the arrest, law enforcement agents seized approximately $21,940 in cash, a 1984 Chevrolet Monte Carlo automobile, and miscellaneous personal property. Dusenbery's claim for compensation for this property is now at issue.

Dusenbery initially filed a Fed. R. Crim. P. 41(e) motion requesting the return of the seized property, which motion was denied. Upon appeal, this court vacated the district court's judgment and remanded the case. *See Dusenbery v. United States*, No. 95-4188, 1996 WL 549818 (6th Cir. Sept. 25, 1996) (unpublished order). We directed that the district court "construe the matter as a civil action seeking equitable relief and determine whether the government provided Dusenbery with actual notice of the various forfeitures." *Id.* at *3.

The district court then presided over a telephone deposition of James Lawson, an Inmate Systems Officers at the Federal Correctional Institution in Milan, Michigan, where Dusenbery was incarcerated at the time the alleged notice regarding the cash was delivered in connection with this controversy.

The district court determined that the personal property should have been returned upon Dusenbery's conviction, but some personal items had been destroyed and no forfeiture proceeding had been initiated. In addition, the district court found that Dusenbery was entitled to the value of the personal property at the time it was seized. More significant, however, at that hearing *Dusenbery admitted that he purchased the items of personal property and the 1984 Monte Carlo with proceeds from drug sales*. The district court then directed the parties to brief the issue whether Dusenbery was entitled to the value of personal property and the vehicle admittedly bought with drug money.

After the case was reassigned to another district judge, the court determined that the notice received at the Milan prison facility was reasonably calculated to notify Dusenbery of the forfeiture action, and that since Dusenbery admitted that he purchased the 1984 Monte Carlo and miscellaneous personal property with drug proceeds, he had *no property rights* in these items. Summary judgment was accordingly granted to the government, and this timely appeal followed.

This court reviews a judgment granting summary judgment de novo and uses the same standards as used by the district court. *See EEOC v. Prevo's Family Mkt., Inc.*, 135 F.3d 1089, 1093 (6th Cir. 1998); *Peoples Bank & Trust Co. of Madison County v. Aetna Cas. & Sur. Co.*, 113 F.3d 629, 633 (6th Cir. 1997). Summary judgment is appropriate where "there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(c); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The party opposing a motion for summary judgment "'may not rest upon the mere allegations or denial of his pleading, but . . .

must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting former Fed. R. Civ. P. 56(e)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

We conclude first that summary judgment for the government was proper regarding the $21,929 in cash. The government has provided persuasive evidence that a prison mail room employee signed the certified mail receipt. The government has offered the affidavit of James Lawson, an Inmate Systems Officer at the Milan Facility. Lawson attested that he signed the certified mail receipt and described the process for forwarding prison mail to the inmates. Lawson's deposition testimony is consistent with his affidavit.

Notwithstanding Dusenbery's contention that he did not receive actual notice, this notice was "reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Mullane*, 339 U.S. at 314. As the district court correctly stated, citing *United States v. Real Property, Tree Top*, No. 96-3757, 1997 WL 702771, at *2 (6th Cir. Oct. 31, 1997) (unpublished opinion), this court does not require the government to show that the mail actually reached an inmate in order to satisfy requirements of due process. Because adequate notice was given, Dusenbery is not entitled to relief on this claim. The *Tree Top* decision was decided after this court's opinion remanding this case to the district court for determination as to the sufficiency of notice and is the most recent reflection of Sixth Circuit law on point.

At the hearing to determine the value of the personal property, Dusenbery admitted that the car and personal property were purchased with drug proceeds. Thus, the sufficiency of notice regarding forfeiture of the Monte Carlo or violation of Dusenbery's due process rights upon the

destruction of his personal property are not the issues presented in this case. Instead, the issue is simply whether Dusenbery is entitled to compensation under that admitted circumstance.

Acquisition of property through drug proceeds affects a claimant's right to that property in forfeiture actions. In this circuit, "one never acquires a property right to [drug] proceeds, which include not only cash but also property secured with the proceeds of illegal activity." *United States v. Salinas*, 65 F.3d 551, 553 (6th Cir. 1995). *See also United States v. Tilley*, 18 F.3d 295, 300 (5th Cir. 1994) (Someone who purchases property with drug proceeds "has no reasonable expectation that the law will protect, condone, or even allow, his continued possession of such proceeds because they have their very genesis in illegal activity.").

Dusenbery's admission about drug proceeds, combined with his testimony that he had been unemployed since 1983-- two years before any of the items or the car at issue was purchased--leads to the conclusion that the personal property and the car involved were purchased with drug proceeds. Dusenbery had no property rights, therefore, in the Monte Carlo or the personal property. To order compensation for destruction of this property or improper notice of forfeiture would allow Dusenbery to retain the fruits of illegal activities, his involvement in which is undisputed. Further, as pointed out by the district court, in light of the illegal source of the Monte Carlo and personal property, it would be against public policy to allow Dusenbery to retain property which he obtained as a result of illegal activity. Accordingly, summary judgment for the government was proper regarding all personal property, including cash and the automobile.

Accordingly, the district court's judgment is **AFFIRMED**.