**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dwight CAMPBELL, Defendant– Appellant.**

No. 99–2336.

United States Court of Appeals, Sixth Circuit.

Feb. 2, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges; HEYBURN, District Judge.*

Dwight Campbell, a federal prisoner proceeding pro se, appeals a district court order denying his motion for return of property filed pursuant to Fed.R.Crim.P. 41(e). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Campbell was named in four counts of a 12–count superseding indictment, which charged him and 16 codefendants with various drug and money laundering offenses, including conspiracy to possess with intent to distribute controlled substances. A single count in a fourth superseding information charged Campbell with money laundering in relation to the acquisition of a 1995 Mercedes Benz automobile. On January 13, 1997, Campbell pleaded guilty to the conspiracy count and, on February 6, 1997, pleaded guilty to the money laundering count involving the Mercedes. He was sentenced on June 15, 1998, to 186 months in prison followed by five years of supervised release. A panel of this court affirmed Campbell's sentence in an unpublished opinion. *See United States v. Campbell,* Nos. 98–1782/2174, 234 F.3d 1270, 2000 WL 1597858 (6th Cir. Oct.19, 2000).

Citing Fed.R.Crim.P. 41(e), Campbell subsequently filed a motion for return of property, seeking the return of various items, including a gold chain and the 1995 Mercedes Benz, that were seized during the execution of a search warrant at his place of business. The government did not oppose the release of a number of the items sought, but argued that Campbell was not entitled to the return of the gold chain and Mercedes, which were administratively forfeited by the Drug Enforcement Administration (DEA) on February 19, 1998, pursuant to 19 U.S.C. § 1609.

On June 4, 1999, a magistrate judge issued a recommendation to grant Campbell's motion in part and deny it in part. He recommended that the district court grant Campbell's motion insofar as it sought return of his personal papers and items relating to the business. However, the magistrate judge recommended that Campbell's motion be denied insofar as it sought return of the gold chain and Mercedes administratively forfeited following

---

* The Honorable John G. Heyburn II, United States District Judge for the Western District of Kentucky, sitting by designation.

publication and reasonable attempts to notify Campbell of the forfeiture proceedings. Finally, the magistrate judge recommended that the district court deny the motion insofar as it sought to unfreeze the business bank account without prejudice to Campbell's right to refile a properly supported motion addressing this issue. The magistrate judge subsequently issued a supplemental report and recommendation, which addressed additional arguments by Campbell but did not alter the original report's conclusions.

The district court overruled Campbell's objections and adopted both the report and supplemental report and recommendations in an order filed on August 13 and entered on August 16, 1999. Campbell's motion for reconsideration was denied on November 23, 1999.

On appeal, Campbell continues to argue that he is entitled to return of the gold chain and Mercedes because he did not receive actual notice of the forfeiture proceedings, and that the government failed to show probable cause to seize that property or a connection between that property and any illegal activity. He further argues that the forfeiture constituted an excessive fine.

■■■ Upon review, we affirm the district court's order for the reasons stated therein. This court reviews a district ‚court's order denying a motion for the return of property for an abuse of discretion. *See United States v. Duncan,* 918 F.2d 647, 654 (1990). Because criminal proceedings against Campbell were already concluded, the district court properly construed the motion as a civil proceeding in equity, *see United States v. Dusenbery,* 201 F.3d 763, 768 (6th Cir.), *cert. denied,* 531 U.S. 925, 121 S.Ct. 301, 148 L.Ed.2d 242 (2000), and this court must consider whether the district court properly balanced the competing equities in deciding whether to order the return of the property. *See Duncan,* 918 F.2d at 654.

■■■ Most judicial challenges to an administrative forfeiture are foreclosed by the plaintiff's failure to use the mechanism provided in the forfeiture statute and regulations. *See United States v. Giraldo,* 45 F.3d 509, 511 (1st Cir.1995) (per curiam); *Toure v. United States,* 24 F.3d 444, 445–46 (2d Cir.1994) (per curiam); *Shaw v. United States,* 891 F.2d 602, 603–04 (6th Cir.1989). Nonetheless, federal courts do have jurisdiction to entertain collateral due process attacks on administrative forfeitures, including challenges to the adequacy of notice. *See United States v. Schinnell,* 80 F.3d 1064, 1069 (5th Cir.1996); *Giraldo,* 45 F.3d at 511. Whether the government's notice to the defendant satisfies due process is a question of law reviewed *de novo. See Hopi Tribe v. Navajo Tribe,* 46 F.3d 908, 918 (9th Cir.1995).

■■■ The Constitution requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). "[I]f notice was adequate, the forfeiture proceeding provided an adequate legal remedy and [the claimant] will not be entitled to equitable relief." *United States v. Clagett,* 3 F.3d 1355, 1356 n. 1 (9th Cir.1993). The adequacy of the notice is measured at the time the notice was sent. *See Sarit v. United States Drug Enforcement Admin.,* 987 F.2d 10, 14 (1st Cir.1993).

■■■ The district court properly concluded that Campbell received constitutionally adequate notice of the seizure and forfeiture proceedings relating to both the gold chain and the Mercedes. Campbell had

actual notice of the seizures because he was present during execution of the search warrant. As required by statute, the government published notice of the institution of forfeiture proceedings for each item in *USA Today,* a newspaper of general circulation in the appropriate judicial district, on three separate weeks. *See United States v. Rodgers,* 108 F.3d 1247, 1251 (10th Cir.1997); *Madewell v. Downs,* 68 F.3d 1030, 1047 (8th Cir.1995).

· The DEA also sent notices for each item by certified mail to Campbell at his federal prison address and to his attorney of record; each was signed for as received. In addition, the DEA sent notices by certified mail to two residential addresses on file for Campbell, his business address, and the county jail in which Campbell was held when not at Milan Federal Detention Center. Campbell does not dispute these efforts at notice as demonstrated by the government. Instead, he claims that he did not receive actual notice and that the attorney who signed for and received notice was no longer his attorney at the time notice was sent. These arguments are unavailing. This court recently held that notice by certified mail signed for by the appropriate prison official at an inmate's place of incarceration was " 'reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections.' " *United States v. Dusenbery,* 223 F.3d 422, 424 (6th Cir.2000) (per curiam) (quoting *Mullane,* 339 U.S. at 314, 70 S.Ct. 652), *petition for cert. filed* (Oct. 16, 2000) (No. 00–6567). "[T]his court does not require the government to show that the mail actually reached an inmate in order to satisfy requirements of due process." *Dusenbery,* 223 F.3d at 424. In addition, the government showed, and Campbell does not dispute, that the attorney to whom notice was mailed was Campbell's attorney *of record* at the time.

Thus, the DEA's attempts to notify Campbell and his attorney of record were reasonable and therefore constitutionally adequate.

Because Campbell received constitutionally adequate notice of the seizure and pending forfeiture of the two items in dispute, his failure to avail himself of the opportunity to submit a timely administrative claim bars judicial consideration of the underlying merits of his motion.

Accordingly, the district court's order, entered on August 16, 1999, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.