**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Christopher Sunday OGUAJU,
Defendant–Appellant.**

No. 02–2485.

United States Court of Appeals,
Sixth Circuit.

July 9, 2003.

Before BOGGS and GILMAN, Circuit Judges;  and MARBLEY, District Judge.*

*ORDER*

This is a direct appeal from a district court judgment denying a motion seeking the return of property and other relief. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.  Upon examination, this panel unanimously agrees that oral argument is not needed.  Fed. R.App. P. 34(a).

In 1998, Christopher Oguaju was tried to a jury and convicted of conspiring to distribute heroin, of possessing heroin with intent to distribute, and of being a felon in possession of a firearm.  A panel of this court affirmed Oguaju's conviction on di-

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio sitting by designation.

rect appeal. *United States v. Oguaju*, Nos. 98–2064 / 2141, 2000 WL 1562823 (6th Cir. Oct.11, 2000), *cert. denied*, 532 U.S. 1044, 121 S.Ct. 2011, 149 L.Ed.2d 1012 (2001). In 2001, Oguaju filed a motion for the return of certain personal property and for an investigation into the conduct of two police officers. The United States Attorney responded and the district court denied the motion as well as the motion for reconsideration. This appeal followed.

Oguaju was arrested in 1997 and his residence was searched pursuant to a warrant after law enforcement officers received information concerning Oguaju's criminal activity and found heroin and marijuana in Oguaju's garbage. On August 16, 2001, Oguaju filed a motion for the return of certain property allegedly seized during the execution of the arrest and for an investigation into the conduct of Michael Hawes, a Wayne County [Michigan] Deputy Sheriff who was formally employed with the United States Immigration and Naturalization Service. Oguaju contended that the officers executing the warrant improperly seized a motor home, "computers and printers with various softwares and hardwares, several monetary instruments and others." Oguaju's proposed remedy was the return of this property on the authority of Fed.R.Crim.P. 41(e). Oguaju also alleged that Hawes improperly instigated the garbage search, caused the search warrants to issue without probable cause, and ultimately contributed to Oguaju's conviction through the "fabrication of evidence, repeated and intentional misleading of the Court, etc." Oguaju asked that these allegedly improper acts of Hawes, and a general review of his conviction, should be the subject of an investigation and evidentiary hearing on the authority of 18 U.S.C. §§ 241 and 242 to determine the legality of the criminal proceedings against Oguaju. Oguaju did not append any evidentiary material to this motion.

The response of the United States Attorney was short and to the point. The government claimed that any property in question not used at trial was seized pursuant to a warrant issued by the State of Michigan and that the property would therefore have been subject to Michigan state forfeiture proceedings. The United States Attorney represented that "[t]he federal government was not a party to those proceedings or otherwise involved in the state forfeiture proceedings." The United States also noted that any property used at trial would have been destroyed as Oguaju waited more than three years before seeking its return. Finally, the government argued that neither 18 U.S.C. § 241 nor § 242 established a right of a citizen to request an open-ended investigation into the propriety of an individual's conduct or the legality of the movant's criminal conviction. The only evidentiary material attached to this response is the affidavit of Michael Hawes in which he basically acknowledges having participated in the investigation of Oguaju.

The district court denied the motion in its entirety. The court first concluded that 18 U.S.C. §§ 241 and 242, statutes directed to the criminal violation of civil rights, did not grant a blanket investigatory power to be invoked by a citizen. The court also noted that these statutes did not provide the jurisdictional basis to conduct post-conviction review of the legality of a warrant or criminal conviction. Finally, the court summarily adopted the government's representation that the property in question, never having been in the possession of the United States, could not be returned by the federal government.

A court confronted with a Criminal Rule 41(e) motion for the return of property filed after the close of criminal proceedings is to treat the request as a civil action in

equity. *See United States v. Duncan*, 918 F.2d 647, 654 (6th Cir.1990) (quoting *United States v. Young*, 878 F.2d 383 (6th Cir.1989) (unpublished order)). This court will review the proceedings to determine whether the district court abused its discretion in properly balancing the competing equities in deciding whether the return of property was in order. *Id.*

 In the case at bar, there is no evidence of record to show that the property in question, the motor home, computers, software and "other financial instruments," was ever in the possession of the federal government. Oguaju's reference to the warrant having been procured by a "Dearborn" police officer dovetails with the government's representation that the property was never in federal hands. Oguaju has supplied no evidence to the contrary and there is no mention of the property in the original opinion on direct appeal. The district court did not commit an abuse of discretion in finding that Oguaju failed to carry his burden to show real or constructive possession of the property by the federal government. *See, e.g., United States v. Solis*, 108 F.3d 722 (7th Cir.1997). Finally, the district court properly dismissed Oguaju's claim pursuant to 18 U.S.C. §§ 241 or 242 because Oguaju has no private right of action under either of these criminal statutes. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.