UNITED STATES of America, Plaintiff–Appellee,

v.

Chukwudi OGUAJU, Defendant–Appellant.

No. 03–2063.

United States Court of Appeals, Sixth Circuit.

Aug. 17, 2004.

Rehearing Denied Oct. 18, 2004.

---

Jennifer J. Peregord, John C. Engstrom, U.S. Attorney's Office, Detroit, MI, Plaintiff–Appellee.

Chukwudi Oguaju, Federal Correctional Institute, Lisbon, OH, pro se.

Before SILER, MOORE, and COLE, Circuit Judges.

### ORDER

Chukwudi Oguaju, a federal prisoner proceeding pro se, appeals a district court order denying his motion for return of property filed pursuant to Fed.R.Crim.P. 41(g). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In June 1998, following a jury trial, Oguaju was found guilty of possession of heroin with intent to distribute and conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846, respectively. Oguaju was sentenced to serve a term of imprisonment. This court affirmed Oguaju's convictions and sentence on direct appeal. *United States v. Oguaju*, Nos. 98–2064/2141, 2000 WL 1562823 (6th Cir. Oct. 11, 2000) (unpublished).

On February 8, 1999, while his direct appeal was pending, Oguaju filed a motion for return of property that had allegedly been seized from him during his arrest. The property sought included $8,045.26 in currency and luggage containing clothing which Oguaju valued at $10,000.

On March 21, 2003, Oguaju filed a "Renewed Motion for Return of Property," in which he sought return of the same property that was the subject of his prior motion. On July 15, 2003, the district court denied Oguaju's motion for lack of subject matter jurisdiction. In so ruling, the district court found that the property in question had been forfeited in a state forfeiture proceeding "and that proper notice was given to [Oguaju]." Oguaju subsequently filed a Fed.R.Civ.P. 59(e) motion for reconsideration, which the district court denied. Oguaju has filed a timely appeal.

We review the denial of a Fed.R.Crim.P. 41(g) motion for an abuse of discretion. *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir.1990). A Fed.R.Crim.P. 41 motion is treated as a civil action in equity when the owner of the property invokes the Rule after the conclusion of his criminal proceedings. *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir.2000); *Duncan*, 918 F.2d at 654. Once forfeiture proceedings have been initiated and the property owner has been notified of such proceedings, "a claimant may no longer use Rule 41(e) [now Rule 41(g)], but instead must submit to the statutory procedures governing civil forfeiture proceedings." *United States v. One 1974 Learjet 24D, Serial Number 24D–290, Mexican Registration XA–RMF*, 191 F.3d 668, 673 (6th Cir.1999); *see also Shaw v. United States*, 891 F.2d 602, 603–04 (6th Cir.1989). However, property owners may pursue "collateral due process attacks on administrative forfeitures." *United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir.1995); *see also United States v. Campbell*, 3 Fed. Appx. 381, 383 (6th Cir.2001).

Upon review, we conclude that the district court properly dismissed Oguaju's motion for return of property. The record indicates that the property sought by Oguaju was both seized and forfeited by the State of Michigan. The record also indicates that Oguaju received adequate notice of the forfeiture proceedings. Oguaju was notified of the forfeiture proceedings, informed of the procedure to use in order to claim the property, and acknowledged re-

ceipt of both notification and claim procedure through his signature. Furthermore, the record does not indicate that any luggage was seized at the time of Oguaju's arrest. Even if luggage was seized when Oguaju was arrested, Oguaju failed to present any evidence that such luggage was ever in the possession of a federal government agent or agency. *See United States v. Oguaju*, 76 Fed.Appx. 579, 581 (6th Cir.2003).

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.