**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0543n.06
Filed: September 5, 2008

**No. 06-1738**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| RODERICK SEAN BOOTH, | ) | |
| | ) | |
| Plaintiff - Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| CHRIS HENSON, named as Librarian; | ) | WESTERN DISTRICT OF MICHIGAN |
| AMANDA WINNICKI, named as Library | ) | |
| Manager; GREGORY MCQUIGGIN, | ) | OPINION |
| named as Deputy Warden; UNKNOWN | ) | |
| BROWN, named as Sergeant; UNKNOWN | ) | |
| THEUT, named as Hearings Officer, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

**Before: GILMAN, KETHLEDGE, ALARCÓN, Circuit Judges.**[*]

PER CURIAM. Rodgerick Sean Booth, proceeding pro se as a prisoner incarcerated at the

Alger Maximum Correctional facility, appeals from the district court's judgment dismissing his

"criminal complaint." This case has been referred to a panel of the court pursuant to Rule 34(j)(1),

Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is

not needed. Fed. R. App. P. 34.

Booth challenges events that occurred while he was incarcerated at the Chippewa

Correctional Facility (URF). Booth alleged that 1) on October 20, 2005, URF librarian Chris Henson

sent Booth back to his unit after only one hour of law library time because Booth had to use the

_____

[*]The Honorable Arthur Alarcon, Senior Circuit Judge for the United States Court of Appeals for the Ninth
Circuit, sitting by designation.

restroom; 2) on October 26, 2005, URF library manager Amanda Winnicki denied Booth's Step I grievance concerning Henson's alleged conduct; 3) on October 27, 2005, Henson again sent Booth back to his unit even though he had not finished his legal research; 4) on November 23, 2005, URF deputy warden Gregory McQuiggin denied Booth's Step II grievance appeal concerning Henson's alleged conduct; 5) on December 15, 2005, Henson allegedly retaliated against Booth by fabricating a major misconduct ticket against him; 6) on December 20, 2005, a URF hearing officer found Booth guilty of the misconduct ticket; and, 7) on January 9, 2006, the hearing officer found Booth guilty of a second misconduct ticket allegedly written by Henson to retaliate against Booth.

In April 2006, Booth filed a pleading that he styled as a "criminal complaint" wherein he sought relief under 18 U.S.C. §§ 241 and 242.[1]   The only prayer for relief set forth in the complaint is the issuance of a warrant for the arrest of the defendants.  Noting that Booth lacked standing to compel the state to pursue criminal actions, the district court construed Booth's complaint as one filed pursuant to 42 U.S.C. § 1983.  Booth essentially claimed that defendants interfered with his right of access to the courts by denying him time in the law library.  Booth also claimed that defendants retaliated against him by fabricating misconduct charges against him after he filed grievances concerning the denial of access to the law library.  The district court dismissed Booth's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e), § 1915A, and 42 U.S.C. § 1997e(c).[2]  Booth has filed a timely appeal.

---

[1]The caption on Booth's "criminal complaint" reads: "United States v. Chris Henson, et. al., Defendants."

[2]The district court also noted that Booth had failed sufficiently to allege and to show exhaustion of available administrative remedies.  Subsequent to the district court's decision, the Supreme Court held, in *Jones v. Bock*, 127 S.Ct. 910, 919 (2007), that the exhaustion requirement is an affirmative defense, and thus, state exhaustion does not have to be pleaded by the plaintiff.  Because the district court properly concluded that exhaustion of remedies was not dispositive in this case, and did not rely on Booth's failure to plead exhaustion to dismiss the complaint, any error in the district court's decision with respect to the exhaustion requirement is harmless.

On appeal, Booth argues that the district court erred by applying the wrong law when it construed his complaint as having been filed pursuant to 42 U.S.C. § 1983. Booth maintains that his action was brought under 18 U.S.C. §§ 241 and 242. This court reviews de novo a district court's decision to dismiss an action under 28 U.S.C. § 1915(e), § 1915A.

The only prayer for relief sought in Booth's complaint, the issuance of a warrant for the arrest of the defendants, is not available to a private citizen.[3]   "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (holding that the district court properly dismissed defendant's claim filed pursuant to 18 U.S.C. §§ 241 and 242 because he had no private right of action under either of those criminal statutes). Because Booth lacks standing to file an action under 18 U.S.C. §§ 241 and 242, we affirm the district court's dismissal of Booth's action without addressing the merits of his claims. *Southwest Williamson County Community Ass'n v. Slater*, 173 F.3d 1033, 1036 (6th Cir. 1999) ("[t]his court can affirm the district court on alternate grounds supported by the record.").

For all of the reasons set forth above, we **AFFIRM**  the judgment of the district court.

---

[3]The prayer in Booth's complaint states: "Wherefore, I pray that a warrant issue for the arrest of all said defendants."