**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 11a0752n.06

No. 10-4626

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Nov 07, 2011***

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| DENNIS KING; FIVE STAR | ) | THE NORTHERN DISTRICT OF |
| CONSTRUCTION, INC., | ) | OHIO |
| | ) | |
| Defendants-Appellants. | ) | |

Before: DAUGHTREY, MOORE, and McKEAGUE, Circuit Judges.

PER CURIAM. Dennis King and Five Star Construction, Inc. ("Five Star") appeal the district court's orders denying Five Star's motion to return property and a subsequent motion for reconsideration.

In August 2009, a magistrate judge issued a seizure warrant for the funds in a bank account in the name of Five Star. The warrant noted that Dennis King was the sole proprietor of the account. After the funds were seized, the Drug Enforcement Administration commenced administrative forfeiture proceedings. King was charged with possession with intent to distribute cocaine base and heroin, in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The indictment sought forfeiture of the seized funds. No claims were filed in the administrative forfeiture proceeding and, in December 2009, the seized funds were

forfeited to the United States. King subsequently pleaded guilty to all charges against him, and the district court sentenced him to 120 months in prison.

In November 2010, Five Star filed a motion to return property under Federal Rule of Criminal Procedure 41(g), arguing that the funds were seized without a warrant and that it did not receive proper notice of the administrative proceeding. The district court denied the motion. King and Five Star sought reconsideration, arguing that they did not receive proper notice of the forfeiture proceeding and that the seizure warrant was not supported by an affidavit. The district court denied the motion for reconsideration.

On appeal, King and Five Star again argue that they did not receive proper notice of the administrative forfeiture proceeding and that the seizure warrant was not supported by an affidavit. We review for abuse of discretion the denial of a motion to return property under Rule 41(g). *Savoy v. United States*, 604 F.3d 929, 932 (6th Cir. 2010).

The district court did not abuse its discretion by denying the Rule 41(g) motion. A motion to set aside a forfeiture under 18 U.S.C. § 983(e) is the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute, 18 U.S.C. § 983(e)(1), (5), and the district court lacked jurisdiction to review the merits of the administrative forfeiture determination. *See Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005). Further, Five Star was given sufficient notice of the administrative forfeiture proceeding through certified mail sent to its address on file with the Ohio Secretary of State. *See* 18 U.S.C. § 983(a)(1)(A)(i); *id.* at 1196-97. We need not consider whether King personally received proper notice of the forfeiture proceeding because only Five Star brought the motion to return property.

Accordingly, we affirm the district court's orders denying the motion to return property and the subsequent motion for reconsideration.