**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0588n.06

No. 12-4336

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| In re: $20,000 IN U.S. CURRENCY | ) | |
| | ) | **FILED** |
| --------------------------------------------- | ) | *Jun 19, 2013* |
| | ) | DEBORAH S. HUNT, Clerk |
| IVORY YATES, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| Petitioner-Appellant, | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

BEFORE:  COLE and DONALD, Circuit Judges; MARBLEY, District Judge.[*]

PER CURIAM.  Ivory Yates appeals the district court's dismissal of his motion for the return of seized property.  As set forth below, we affirm.

On December 27, 2011, the Ohio State Highway Patrol seized $20,000 from Yates.  The Drug Enforcement Administration (DEA) subsequently adopted the seizure and commenced administrative forfeiture proceedings.  The DEA sent a notice of seizure to Yates, who filed a claim asserting that the Ohio State Highway Patrol illegally seized the $20,000 from his possession and control.  The DEA rejected Yates's claim as defective for failing to state his interest in the property

---

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

as required by 18 U.S.C. § 983(a)(2)(C)(ii) and granted him additional time to cure the defect and file a valid claim. By letter, Yates responded that his claim was "valid and properly submitted" and that "he was in lawful possession and control of the property in question." The DEA subsequently informed Yates that, because he declined to state his interest in the property, his submission was deemed nugatory and the case would proceed as if nothing had been tendered. On May 18, 2012, the DEA administratively forfeited the property.

On July 12, 2012, Yates filed the instant motion for the return of seized property under Federal Rule of Criminal Procedure 41(g), 18 U.S.C. § 983, and the Due Process Clause. The government moved to dismiss Yates's motion for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Granting the government's motion to dismiss, the district court concluded that it lacked jurisdiction to review the administrative forfeiture and that, even if it did have jurisdiction, Yates's claim was insufficient because he failed to state his interest in the property.

We review de novo the district court's dismissal for lack of subject matter jurisdiction. *See Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). In his appellate brief, Yates contends that he submitted a valid claim to the DEA, without addressing the district court's jurisdictional ruling. By failing to address that ruling, Yates has waived the jurisdictional issue on appeal. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005). In any event, the district court properly held that it lacked jurisdiction to review the merits of the administrative forfeiture. "Most judicial challenges to an administrative forfeiture are foreclosed by the plaintiff's failure to use the mechanism provided in the forfeiture statute and regulations." *United States v.*

*Campbell*, 3 F. App'x 381, 383 (6th Cir. 2001). A motion under 18 U.S.C. § 983(e), which is "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute," may be filed by a person who is entitled to written notice in a nonjudicial civil forfeiture proceeding but does not receive such notice. 18 U.S.C. § 983(e)(1), (5). In addition, "[w]e have jurisdiction to entertain collateral due process attacks on administrative forfeitures, including challenges to the adequacy of notice." *United States v. Dusenbery*, 201 F.3d 763, 766 n.7 (6th Cir. 2000). Yates did not challenge the notice provided by the DEA, and the district court otherwise lacked jurisdiction to review the administrative forfeiture. *See United States v. King*, 442 F. App'x 212, 213 (6th Cir. 2011), *cert. denied*, 133 S. Ct. 197 (2012); *Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005).

Instead of addressing the district court's jurisdictional ruling, Yates argues that he stated his interest in the property as required by 18 U.S.C. § 983(a)(2)(C)(ii) when he asserted his possession and control of the $20,000. We have held that "naked possession" claims are insufficient to confer standing to contest a forfeiture: "When confronted with mere physical possession of property as a basis for standing, we require some explanation or contextual information regarding the claimant's relationship to the seized property." *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 498 (6th Cir. 1998). Yates did not provide any such information.

For the foregoing reasons, we affirm the district court's dismissal of Yates's motion for the return of seized property.