**Carnell MATTHEWS; Christopher Owens, Plaintiffs–Appellants,**

**v.**

**DRUG ENFORCEMENT ADMINISTRATION, Defendant–Appellee.**

**No. 14–4298.**

United States Court of Appeals, Sixth Circuit.

Oct. 27, 2015.

BEFORE: COLE, Chief Judge; DAUGHTREY and DONALD, Circuit Judges.

OPINION

COLE, Chief Judge.

Carnell Matthews and Christopher Owens filed a complaint seeking to set aside the forfeiture of $56,970 by the Drug Enforcement Administration ("DEA"). The district court dismissed the complaint for failure to state a claim. Because Matthews and Owens have no right to relief under the relevant statute, we affirm.

I.

On May 23, 2013, Ohio State Highway Patrol troopers pulled over Matthews and Owens as they were driving in Warren County, Ohio. The troopers seized $56,970 from the two men. About a month later, on June 17, 2013, the DEA adopted the seized cash and began administrative forfeiture proceedings under 21 U.S.C. § 881. The property was apparently connected to a violation of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* One day later, Matthews and Owens—ignorant of the federal adoption—petitioned a state court for the return of their property under Ohio Revised Code § 2981.03.

Despite this initial confusion, the DEA notified Matthews and Owens of the federal adoption and forfeiture. On July 9, 2013, the DEA sent notice by registered mail and later posted notice online. The notice stated that the deadline to contest the forfeiture was "August 13, 2013," and "failure to do so [would] result in the termination of [their] interest in the asset, and may preclude [them from] contesting the forfeiture ... in any judicial proceeding ... even if such a proceeding has already been commenced." It is undisputed that Matthews and Owens received the notice of seizure, and that the deadline to contest the forfeiture came and went.

Over the next few months, the DEA communicated with Matthews and Owens's attorneys. On September 6, 2013, the DEA forwarded copies of notice to one of their attorneys, Edward Wade, Jr. On September 18, 2013, Wade responded that

he was unaware of the federal adoption, but stated his clients' intent to contest the forfeiture. Matthews and Owens apparently failed to inform Wade of the notice because they assumed that their state court petition was sufficient to contest the forfeiture. On October 17, 2013, another attorney, William Norman, contacted the DEA and requested that the agency allow Matthews and Owens to file a late claim. On both occasions, the DEA returned the attorneys' requests as untimely, and granted Matthews and Owens 20 days to file a petition for remission under 28 C.F.R. § 9.3.

On October 25, 2013, Wade sent the DEA a "Notice of Interest in Seized Property." In the end, however, the DEA rejected Matthews and Owens's claim because it was received over 35 days after the date that notice was mailed as required by 18 U.S.C. § 983(a)(2)(B). On November 8, 2013, the DEA administratively forfeited the property to the United States.

On March 12, 2014, Matthews and Owens filed a complaint against the DEA in the Southern District of Ohio, alleging that their property was unlawfully seized. The DEA moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). On December 1, 2014, the district court granted the government's motion to dismiss, with prejudice, holding that Matthews and Owens failed to state a claim upon which relief can be granted.

## II.

We review de novo a district court's dismissal of a complaint for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Riverview Health Inst. LLC v. Med. Mut. of Ohio,* 601 F.3d 505, 512 (6th Cir.2010).

## III.

On appeal, Matthews and Owens attempt to re-argue the merits of their unlawful seizure claim, assert that the notice of seizure was inadequate, and raise new constitutional issues. We need not be detained by these arguments. Matthews and Owens lose because they received notice of the seizure under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983.

### A.

Congress enacted CAFRA "[t]o provide a more just and uniform procedure for Federal civil forfeitures." Pub. L. No. 106–185, 114 Stat. 202 (2000). The operation of the statute turns largely on one factor: whether the property owner received adequate notice.

Upon seizure of property subject to forfeiture, the government must send written notice to the property owner within 60 days. 18 U.S.C. § 983(a)(1)(A)(i). The notice period is extended to 90 days where the seizure is adopted from state or local law enforcement. 18 U.S.C. § 983(a)(1)(A)(iv). To contest the forfeiture, the property owner must file a claim with the appropriate federal agency within 35 days of the mailing of notice. 18 U.S.C. § 983(a)(2)(A)-(B). The claim must: (1) identify the specific property being claimed; (2) state the claimant's interest in such property; and (3) be made under oath, subject to penalty of perjury. 18 U.S.C. § 983(a)(2)(C). If the property owner files a timely claim, the government must then file a complaint for forfeiture in district court within 90 days. 18 U.S.C. § 983(a)(3)(A).

If the property owner was entitled to notice, but did not receive it, she may file a motion to set aside the forfeiture in district court. 18 U.S.C. § 983(e)(1). The district

court shall grant the motion if: (1) the government knew of the moving party's interest and failed to reasonably provide notice; and (2) the moving party did not know of the seizure within sufficient time to file a timely claim. 18 U.S.C. § 983(e)(1)(A)-(B). Congress has stated that "[a] motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5).

B.

The district court was correct to dismiss Matthews and Owens's complaint. Motions under Rule 12(b)(6) object to the "formal sufficiency of the statement of the claim for relief." 5B C. Wright & A. Miller, Federal Practice and Procedure § 1356, p. 354 (3d ed. 2004). Matthews and Owens's § 983(e) claim was meritless, even on their best day, because it was *missing an essential ingredient:* lack of notice.

The relevant CAFRA provision reads:

> (e) Motion To Set Aside Forfeiture.—
>
> (1) Any person *entitled to written notice* in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute *who does not receive such notice* may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property....

18 U.S.C. § 983 (emphasis added). This "exclusive remedy" is only extended to property owners who are "entitled to written notice," but "do[ ] not receive such notice." 18 U.S.C. § 983(e)(1), (5). Matthews and Owens, to the contrary, actually received notice within weeks of the adoption. The DEA sent three letters to Matthews and four letters to Owens via registered mail (signed and certified return receipts are in the record), and the DEA posted notice of the forfeiture online for 30 days. *See, e.g., In re $20,000 in U.S. Currency,* 523 Fed.Appx. 322, 323 (6th Cir.2013) (per curiam) (holding that property owner was not entitled to relief under CAFRA because he received notice and failed to properly file a claim); *United States v. King,* 442 Fed.Appx. 212, 213 (6th Cir.2011) (per curiam) (holding that property owner was not entitled to relief under CAFRA because he was "given sufficient notice of the administrative forfeiture proceeding through certified mail").

It is similarly clear that Matthews and Owens have no claim under the Due Process Clause, though we need not reach this issue. Matthews and Owens failed to include a claim under the Due Process Clause in their complaint, and in general, "a reviewing court will not consider issues raised for the first time on appeal." *See In re Cannon,* 277 F.3d 838, 848 (6th Cir.2002). In any case, the record indicates that Matthews and Owens in fact received notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Here, Matthews and Owens received actual notice by mail—as they admit—which set forth the claim deadline in bold lettering and unambiguously warned them of the ramifications of inaction. *See Dusenbery v. United States,* 534 U.S. 161, 170–73, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002) (holding that notice of administrative forfeiture sent to prisoner did not require actual notice to the property owner, only notice reasonably calculated to apprise a party of the pendency of the action).

That Matthews and Owens filed a petition in state court does not change our analysis. They argue that their initial

state court filing should control. But here, the federal adoption occurred before their state court filing. At any rate, Ohio law specifically endorses federally adopted forfeitures, Ohio Rev.Code § 2981.14, and the Ohio Supreme Court has opined that the Supremacy Clause, U.S. Const. art. VI, makes state law "immaterial" in a case like this. *See State ex rel. Chandler v. Butler,* 61 Ohio St.3d 592, 575 N.E.2d 833, 834 (1991) ("Since the money was forfeited under federal law, it is immaterial what R.C. 2933.43 states about its return. [The property owner's] claim, if any, is against the federal government."); *see also Harris v. City of Mayfield Hts.,* 991 N.E.2d 1179, 1186 (Ohio Ct.App.2013) ("[I]f [the property owner] had an issue with the forfeiture, the time to contest the seizure was during the federal forfeiture proceedings.... Once the city turned the money over to the federal government, its involvement in the case terminated and it was no longer responsible for the money."). Even William Norman, Matthews and Owens's counsel, conceded in correspondence to the DEA that the federal adoption "divest[ed] the state court ... of the adjudicatory authority [they] relied upon."

## IV.

Matthews and Owens had an adequate remedy at law to contest the seizure and forfeiture, but they failed to take advantage of it. They no longer have a right to relief under CAFRA. For these reasons, we affirm the district court's order dismissing the complaint.